## Margaret Keys, Plff. in Err., *v.* Pennsylvania Company.

It is not error to enter a compulsory nonsuit and refuse to take it off, in an action for damages against a railroad company for negligence resulting in the death of an employee, where deceased and the person guilty of negligence were fellow laborers, and there was evidence of contributory negligence.

(Decided January 4, 1886.)

Error to the Common Pleas, No. 1, of Allegheny County, to review a judgment for defendant in an action for damages. Affirmed.

On the morning of July 10, 1882, John Keys, an engineer employed by the Pennsylvania Company and having charge of a shifting engine in the Allegheny yard, was crossing the tracks

---

NOTE.—The general rule is that no liability attaches to the employer where the injury is due to the negligence of a fellow servant. New York, L. E. & W. R. Co. v. Bell, 112 Pa. 400, 4 Atl. 50. The liability of the employer where the fellow servant was in unfit condition is raised in KEYS v. PENNSYLVANIA Co. It is a duty to employ competent servants; and, if such is not done, and the employer has notice of the unfitness, a recovery may be had. Keystone Bridge Co. v. Newberry, 96 Pa. 246; Wust v. Erie City Iron Works, 149 Pa. 263, 24 Atl. 291; Huntingdon & B. T. Road & Coal Co. v. Decker, 84 Pa. 419; Kennedy v. Alden Coal Co. 200 Pa. 1, 49 Atl. 341. But it must be shown that the injury was caused by the unfitness of the workman. Brunner v. Blaisdell, 170 Pa. 25, 32 Atl. 607; Johnston v. Pittsburgh & W. R. Co. 114 Pa. 443, 7 Atl. 184. Even though an incompetent workman be hired, no recovery can be had if this was known to the fellow servant, and no complaint was madee. Frazier v. Pennsylvania R. Co. 38 Pa. 104. If complaint is made, and the workman is not removed within a reasonable time, the liability of the employer is for the jury. Hughes v. Baltimore & O. R. Co. 164 Pa. 178, 44 Am. St. Rep. 597, 30 Atl. 383.

As to acts of employee constituting contributory negligence, see the following editorial notes presenting in full the authorities on their respective subjects:

Contributory negligence in entering or remaining in an employment, note to Limberg v. Glenwood Lumber Co. 49 L. R. A. 33; reliance upon orders as affecting contributory negligence of employee, note to Orman v. Mannix, 17 L. R. A. 602; contributory negligence as defense where injuries are received in performance of duties outside scope of original contract, Olson v. Minneapolis & St. L. R. Co. 48 L. R. A. 806; disobedience of master's rules as contributory negligence, note to Ford v. Chicago, R. I. & P. R. Co. 24 L. R. A. 657; relation of maxim, *Volenti non fit injuria,* to defense of contributory negligence, note to O'Maley v. South Boston Gaslight Co. 47 L. R. A. 161.

of the yard to reach his engine, when he was run over and killed by an engine in charge of one Cutler, who was also employed by the same company. This action was brought by Mrs. Keys against the company to recover damages for the death of her husband, alleging that the company was negligent in employing Cutler, who was not a proper person to run an engine. In support of this allegation, evidence was offered tending to prove that Cutler's eyes were sore, and that he wore a patch over one of them. There was also evidence showing that Keys was walking between the south main tracks and the yard tracks, on his usual way to his engine about 6 o'clock on the morning of the accident, when Cutler brought his freight train from the west into the yard, and ran past Keys a short distance and stopped to change his engine for a yard engine, that would take the train to Pittsburgh. He cut loose his engine, and ran on the switch near by, a short distance east of the front end of his train.

Keys came up, as he had been walking along between the south main tracks and the yard tracks, and crossed around the end of the freight, and was proceeding across this switch to where his engine was waiting for him when Cutler ran his engine over him on the switch, about 60 feet from the place it leaves the main track.

The trial judge ruled that weak eyes did not render Cutler an unfit person to run an engine, and that deceased was guilty of contributory negligence, and entered a nonsuit, and the court in banc refused to take it off; whereupon, the plaintiff brought error.

*A. M. Watson,* for plaintiff in error.—In Caldwell v. Brown, 53 Pa. 456, this court has defined the prevailing rule as to machinery and appliances. O'Donnell v. Allegheny Valley R. Co. 59 Pa. 246, 98 Am. Dec. 336, follows in the same doctrine; Mullan v. Philadelphia & S. Mail S. S. Co. 78 Pa. 32, 21 Am. Rep. 2; Baker v. Allegheny Valley R. Co. 95 Pa. 211, 40 Am. Rep. 634, and other cases leave no question of the rulings of this court.

The duty of masters to employ none but fit, competent, and judicious men to control engines and machinery is enjoined by numerous rulings of this and other courts. The law is laid down by Wharton on Negligence, 232. See also Lawler v. Androscoggin R. Co. 62 Me. 463, 16 Am. Rep. 492; Mad River

& L. E. R. Co. v. Barber, 5 Ohio St. 562, 67 Am. Dec. 312; Frazier v. Pennsylvania R. Co. 38 Pa. 104; Ardesco Oil Co. v. Gilson, 63 Pa. 150; Schum v. Pennsylvania R. Co. 16 W. N. C. 305.

To withdraw this case from the jury is at variance with all the well-considered cases of modern courts. Washington & G. R. Co. v. Gladmon, 15 Wall. 401, 21 L. ed. 114; Gilman v. Eastern R. Co. 13 Allen, 433, 90 Am. Dec. 210.

The master is bound to use ordinary care in providing suitable engines, tools, and appliances, and in selecting proper servants, and is liable to other servants in the same employment if they are injured by his neglect of duty. Tarrant v. Webb, 18 C. B. 796; Caldwell v. Brown, 53 Pa. 456; Warner v. Erie R. Co. 39 N. Y. 468.

The rule upon a motion to nonsuit is that the plaintiff is entitled to the benefit of every inference of fact which the jury might draw from the evidence, the defendant being considered as admitting every fact which the evidence tends to prove. Maynes v. Atwater, 88 Pa. 497; Smyth v. Craig, 3 Watts & S. 14; Bevan v. Insurance Co. 9 Watts & S. 187.

Where there is any evidence which would justify an inference of the disputed fact, it must go to the jury. Howard Exp. Co. v. Wile, 64 Pa. 201; Philadelphia & R. R. Co. v. Heil, 5 W. N. C. 91; City v. Pixley, Pittsb. L. J., Oct. 14, 1885.

*Hampton & Dalzell* for defendant in error.

PER CURIAM:
The learned judge committed no error in entering a compulsory nonsuit and in refusing to take it off. The evidence discloses a clear case of contributory negligence on the part of the decedent. If the engineer was guilty of negligence, which we do not discover, they were fellow laborers in the same general employment.

Judgment affirmed.